IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**GREGORY HARRIS,**
**D.O.C. # M38811,**

 **Plaintiff,**

**vs.**          **Case No. 4:17cv298-MW/CAS**

**FLORIDA DEPARTMENT OF**
**CORRECTIONS, et al.,**

 **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, has submitted a document entitled "Notice of Removal," ECF No. 1, on June 30, 2017. Plaintiff indicates he seeks to remove case number 17-25-CA from the Circuit Court for the Third Judicial Circuit, in and for Madison County, Florida. ECF No. 1 at 1. It appears that Plaintiff seeks to remove a tort case in which he is the Plaintiff and not Defendant. It is not permissible for a plaintiff to remove a case from state court to federal court. The relevant statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant*

*or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added).

Additionally, Plaintiff did not submit payment of the $450.00 filing fee for this case and he is not permitted to proceed with in forma pauperis status absent allegations he is in imminent danger of serious physical injury pursuant to 28 U.S.C. § 1915(g).[1] As illustrated below, Plaintiff is a "three striker" and is barred from proceeding without full payment of the filing fee at the time of case initiation. 28 U.S.C. § 1915(g).

Plaintiff previously initiated case number 13-24422-civ in the Southern District of Florida on December 9, 2013. The case was dismissed sua sponte on January 24, 2014, pursuant to the "three strikes" provision of the Prison Litigation Reform Act. Doc. 7 of that case. United States District Judge Kathleen M. Williams adopted the Report and Recommendation, doc. 5, of United States Magistrate Judge P.A. White

---

[1] Section 1915(g) provides that a prisoner may not proceed with in forma pauperis status "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

which detailed that Plaintiff[2] had previously filed four cases in that court that were dismissed as either frivolous, malicious, or for failure to state a claim upon which relief may be granted.  *Id.*  Judge White also noted that Plaintiff already had two cases (case number 13-24417-civ and case number 13-14422-civ) dismissed pursuant to § 1915(g) finding that Plaintiff qualified as a "three-striker" under § 1915(g).  Doc. 5 at 2 of that case.  Judicial notice is also taken of case number 4:15cv366-RH/CS which was filed by Plaintiff Gregory Harris in this Court.  The case was dismissed under 28 U.S.C. § 1915(g) because Plaintiff has at least three "strikes" and did not allege he was in imminent danger of serious physical injury.

These cases, although not a complete listing of all of Plaintiff's civil cases, is sufficient to demonstrate that Plaintiff has three strikes and is well aware of the fact that he is barred from proceeding with in forma pauperis status unless his complaint meets the "imminent danger" exception of § 1915(g).  It does not.  This case cannot proceed in this Court because removal is not appropriate when filed by a Plaintiff, and because Plaintiff did not pay the filing fee at the time of case initiation.  *See* Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002).

---

[2] The Court has confirmed that these cases were filed by Plaintiff Gregory Harris whose inmate number as M38811.  *See* ECF No. 2 at 1.

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** pursuant to 28 U.S.C. § 1915(g) and because removal of a case by a Plaintiff is not permissible.  It is further recommended that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on July 6, 2017.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**